## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARVIN A. GUZMAN          )
)
      Plaintiff,          )
)      Civil Action File
vs.                     )      No. _____
)
SOUTO FOODS, LLC        )
)
      Defendant.        )

## COLLECTIVE ACTION COMPLAINT

Plaintiff Marvin A. Guzman ("Plaintiff Guzman"), on behalf of himself and others similarly situated, files this Complaint and alleges that Defendant Souto Foods, LLC ("Souto") has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by misclassifying its employee delivery drivers as exempt and failing to pay straight or overtime for hours worked in excess of forty (40) hours per week as follows:

## NATURE OF THE ACTION

1. Plaintiff Guzman alleges, pursuant to Section 216(b) of the FLSA, that he: (i) has been misclassified as an exempt employee; (ii) is entitled to unpaid wages from Defendant from overtime work for which he did not receive overtime premium pay as required by law; (iii) is entitled to liquidated damages pursuant

to the FLSA and (iv) is entitled to attorneys' fees and costs of this action pursuant to the FLSA.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.   Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Both parties reside in this district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4.   Plaintiff Marvin A. Guzman is a citizen and resident of Gwinnett County, Georgia.

5.   From in or about March of 2014 through May of 2015, Defendant employed Plaintiff Guzman as a delivery driver.

6.   Defendant Souto is a Georgia corporation with its principal place of business located in Alpharetta, Fulton County, Georgia.

7.   Defendant Souto maintains its corporate headquarters at 3000 Old Alabama Road, Alpharetta, Fulton County, Georgia, 30022.

8.   At all relevant times Souto continuously has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

9.   Plaintiff re-alleges the foregoing paragraphs of the Complaint as if set forth herein verbatim.

10.  Defendant operates and specializes in wholesale grocery delivery.

11.  The principal job duties of a person employed as a delivery driver with Defendant include: picking and packing orders; palletizing orders; loading orders onto the delivery truck; taking orders out for delivery; unloading the orders at the customer's site; and stocking products at customer's location.

12.  As part of the responsibilities of a delivery driver, Plaintiff Guzman did not, nor was he required to, maintain a Commercial Driver's License ("CDL").

13.  Additionally, Plaintiff Guzman operated delivery vehicles for Defendant exclusively within the boundaries of a single state.

14.  As such, Defendant has misclassified Plaintiff Guzman as exempt employee under the FLSA during all times relevant to these claims.

15.  Based on this willful and deliberate misclassification, Souto has justified requiring its employees to work in excess of 40 hours a week, without any

overtime compensation for those hours beyond the 40-hour work week, in violation of the FLSA.

16. During the relevant time period Plaintiff Guzman's hours varied but routinely, if not always, exceeded forty (40) hours per week.

17. Souto often required delivery drivers to work up to, and in excess of, sixty (60) hours a week.

18. Upon information and belief, Defendant has not maintained accurate records of all the hours that Plaintiffs have worked and have not complied with the requirements under 29 U.S.C. § 211(c).

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff Guzman brings this case as an "opt-in" collective action on behalf of the following class of employees (the "Class") pursuant to 29 U.S.C. § 216(b):

> Individuals who, during the period beginning three years prior to the filing date of this Complaint: (1) were, or are, non-exempt employees of Defendant; and (2) did not get paid at the required overtime rate for hours worked in excess of forty (40) hours per week.

20. Plaintiff Guzman desires to pursue his FLSA claims on behalf of himself and any other individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

21. Plaintiff Guzman, on behalf of himself and the Class, seeks relief on a collective basis challenging Defendant's failure to pay overtime wages in violation of the FLSA.

22. Plaintiff Guzman is similar to the Class as he and the Class have been required to work in excess of forty (40) hours per workweek and have been denied overtime wages.

23. Plaintiff Guzman's case and experience is typical of that of the Class.

24. All potential Class members are entitled to the overtime pay they should have received for all overtime hours worked.

25. Plaintiff Guzman has given his written consent to become a party plaintiff in this collective action under the FLSA. Plaintiff Guzman's written consent is attached hereto as "Exhibit A."

## COUNT I – FAIR LABOR STANDARDS ACT VIOLATION FOR UNPAID WAGES

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 15 as if they were set forth in full herein.

27. At all relevant times, Souto has been, and continues to be, an employer engaged in interstate commerce and/or the production of services of commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Souto employed Plaintiff and others similarly situated within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

29. At all relevant times, Souto has had an annual gross revenue in excess of $500,000.00.

30. At all relevant times, Souto had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to delivery drivers, including Plaintiff Guzman, for hours worked in excess of forty (40) hours a per week.

31. As a result of Souto's willful failure to compensate its employees, including Plaintiff, for all the hours he worked, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Souto has violated and continues to violate the FLSA, including §§ 207(a)(1) and 215(a).

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statue, 29 U.S.C. § 255(a).

33. Due to Souto's FLSA violations, Plaintiff and others similarly situated are entitled to recover from Souto their unpaid wages, as well as overtime compensation, and additional amount – equal to the unpaid wages and overtime – as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court grant the following relief:

A. Trial by Jury;

B. Award of unpaid wages, as well as all overtime compensation, due under the FLSA to the Plaintiff;

C. Award of liquidated damages to the Plaintiff as a result of Souto's willful failure to pay for all wages due as well as overtime compensation pursuant to the FLSA;

D. Award of prejudgment and post judgment interest;

E. Award of costs and expenses of this action together with reasonable attorney's and expert fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

HALL & LAMPROS, LLP

/S/ ANDREW LAMPROS
      Andrew Lampros
      Ga. Bar #432238

1230 Peachtree St. NE
Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
Email: alampros@hallandlampros.com

*Attorneys for Plaintiff*