IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARVIN A. GUZMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. 1:15-CV-2410 TWT |
| ) | |
| SOUTO FOODS, LLC ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Marvin A. Guzman ("Plaintiff") and Souto Foods, LLC ("Defendant"). The foregoing Plaintiff and Defendant are collectively referred to as "Parties."

### W I T N E S S E T H:

**WHEREAS**, the Plaintiff filed a Federal lawsuit against Defendants in the United States District Court for the Northern District of Georgia, Civil Action number 1:15:cv-02410-TWT, alleging violations of the Fair Labor Standards Act ("the litigation"); and

**WHEREAS**, the Defendant has denied and continues to deny any liability for those claims and asserts that there is no factual or legal basis for Plaintiff's allegations of liability; and

WHEREAS, without any admission of liability by any of the Parties, the Parties, represented by counsel, finalized all issues on October 19, 2015, in which they set forth the terms of a general agreement between the Parties; and

WHEREAS, the Parties desire to set forth in this written Agreement their final settlement terms;

NOW, THEREFORE, in exchange for good and valuable consideration, including, but not limited to, the execution of this Agreement and the Parties' consent to the dismissal with prejudice of all charges and claims alleged in the litigation, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1.0 **Consideration.**

As consideration for the Plaintiff's agreement to be bound by the terms of this Agreement, Defendant will cause to be paid to Plaintiff and/or on his behalf Eleven Thousand Dollars and 00/100 Cents ($11,000.00) plus reasonable attorney's fees and costs in the amount of Twenty Thousand Dollars ($20,000.00) (added together, the "Settlement Amount"). This Settlement Amount includes the payment of all of Plaintiff's attorneys' fees and costs. The Parties agree that the Settlement Amount of Eleven Thousand Dollars and 00/100 Cents ($11,000.00) shall be divided into two equal payments made payable to Plaintiff; and the Settlement Amount of $20,000.00 shall be made payable to Hall & Lampros, LLP in a single payment of Plaintiff's attorneys' fees

and costs. The Settlement Amounts shall be due within twenty-one (21) days after Court approval of this Agreement.

### A. Form of Payments

The payments shall be made in the following form: 1) One check for Five Thousand and Five Hundred Dollars and 00/100 Cents ($5,500.00) shall be made payable to Plaintiff Guzman for back wages less the amount of statutory withholdings and applicable taxes that will be withheld and for which Defendant will issue an IRS Form W-2 to Plaintiff Guzman; 2) One check for Five Thousand and Five Hundred Dollars and 00/100 Cents ($5,500.00) shall be made payable to Plaintiff for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Plaintiff for this non-wages portion of the payment categorizing this amount as "box 3" other income; and 3) One check in the amount of Twenty Thousand Dollars and 00/100 Cents ($20,000.00) shall be made payable to Hall & Lampros, LLP (who shall provide a current W-9) from which no withholdings are to be made and for which Defendant's counsel shall issue an IRS Form 1099-Misc as "box 3" other income.

### B. Timing of Payments

If payment is not made within five (5) days of the date on which such payment is due then HALL & LAMPROS, LLP shall promptly provide written notice as to

such event via a fax sent to Albert J. Bolet, Esq. at GOICO & BOLET, P.C. at fax number (404) 320-3026.

2.0     <u>Release</u>.

Effective upon the Defendant's payment of all funds due under this Agreement, the Plaintiff, for and in consideration of the release by the Defendant, the Settlement Amount and other good and valuable consideration, the receipt of which is hereby acknowledged, does for himself, his attorney, attorneys, agents, assigns, heirs, executors, administrators and successors, hereby remise, release, acquit, satisfy, and forever discharge the Defendant, together with its assigns, successors, affiliated parent or subsidiary corporations or companies, agents, officers, directors, members, shareholders, officers, parent corporations, subsidiaries, partners, estates, executors, administrators and successors, employees, present and former attorneys, legal representatives, divisions and insurers, and any other person or entity who has acted or purported to act on the Defendant's behalf (the foregoing being hereinafter referred to as the "Defendant's Released Parties"), of and from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, in law or in equity which they ever had, now have, or may have against the Defendant's Released

Parties arising from or relating to the Plaintiff's placement, employment or contractual relationships with the Defendants, limited to the allegations contained in the litigation.

3.0    **Dismissal with Prejudice and Mutual Release by the Parties of All Claims.**

In connection with the execution of this Agreement, the Parties have agreed to the dismissal of the litigation with prejudice. Upon Plaintiff's counsel's receipt of the full Settlement Amount required by this Agreement, Plaintiff shall within ten (10) days file a dismissal with prejudice of Plaintiff's Federal lawsuit in this action. The Parties agree that they will not attempt (or authorize an attempt) to initiate, or re-initiate, the allegations contained in the above-referenced Federal lawsuit, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. The Parties likewise agree that this Settlement Agreement is binding only upon the Parties named herein and since no collective action was ever certified, has no effect whatsoever on any current and/or former employees of Defendant.

4.0    **No Loss of Consortium.**

The Plaintiff hereby represents and warrants that, at all times pertinent, no person sustained any loss of consortium, or has any claim whatsoever for any injury or damage alleged to have been sustained by Plaintiff arising from or relating to the

Plaintiff's placement, employment or contractual relationships with the Defendant, including but not limited to the allegations contained in the above-referenced Federal lawsuit; and Plaintiff does further agree to indemnify, defend and hold harmless the Defendant hereunder from any action which may arise in connection therewith to include any attorneys' fees, expenses of any kind or court costs associated with any such action.

### 5.0   Warranty.

The Plaintiff represents and warrants that he alone is entitled to assert any claim he may have against the Defendant of any kind or character arising out of, or as a consequence of, any employment or contractual relationship with the Defendant, including but not limited to, the matters which were alleged or could have been alleged in the Federal lawsuit.  The Plaintiff further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against the Defendant.  The Plaintiff agrees to indemnify and hold Defendant harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against Defendant or by reason of any such transfer or assignment, as described in this paragraph, and further agrees to indemnify and hold Defendant harmless from any costs, expenses or damages sustained by reason of any such claim. The Defendant represents and warrants that it is

fully authorized to enter into this Agreement and that it has not transferred or assigned any right to any claim or recovery against the Plaintiff.

### 6.0 Non-Disparagement.

The Plaintiff shall not make, repeat or publish any false and/or disparaging remarks or references, whether oral or in writing, whether in traditional media, any electronic communication medium including, but not limited to emails, blogs, chat rooms, Facebook, Twitter and LinkedIn, or otherwise, concerning the Defendant or any of its representatives, or otherwise take any action which might reasonably be expected to cause damage or harm to the Defendant or any of its representatives. However, nothing in this Agreement prevents the Plaintiff in any way from communicating with or fully cooperating in the investigations of any governmental agency on matters within their jurisdictions or from testifying truthfully in any other proceeding regarding any matter that is, was or may have been the subject of this litigation or Agreement. However, this Agreement does prohibit the Plaintiff from recovering any relief, including without limitation monetary relief, as a result of such activities. In agreeing not to make disparaging statements regarding the Defendant, the Plaintiff acknowledges that he is making, after the opportunity to confer with his counsel, a knowing, voluntary and intelligent waiver of any and all rights he may have to make disparaging comments about the Defendant including rights under the First Amendment to the United States

Constitution and any other applicable Federal and state constitutional rights. The Plaintiff further agrees and acknowledges that a court of competent jurisdiction may enter an injunction to prevent him from violating this paragraph and that such injunction would not constitute an unconstitutional or illegal prior restraint on his constitutional rights and that he is waiving his legal right to make such an argument.

The Defendant shall not make, repeat or publish any false and/or disparaging remarks or references, whether oral or in writing, whether in traditional media or any electronic communication medium including, but not limited to emails, blogs, chat rooms, Facebook, Twitter and LinkedIn, concerning the Plaintiff, or otherwise take any action which might reasonably be expected to cause damage or harm to the Plaintiff. However, nothing in this Agreement prevents the Defendant in any way from communicating with or fully cooperating in the investigations of any governmental agency on matters within their jurisdictions.  However, nothing in this Agreement prevents the Defendant in any way from communicating with or fully cooperating in the investigations of any governmental agency on matters within their jurisdictions or from testifying truthfully in any other proceeding regarding any matter that is, was or may have been the subject of this litigation or Agreement. In agreeing not to make disparaging statements regarding the Plaintiff, the Defendant acknowledges that it is making, after the opportunity to confer with counsel, a knowing, voluntary and

intelligent waiver of any and all rights it may have to make disparaging comments about the Plaintiff including rights under the First Amendment to the United States Constitution and any other applicable Federal and state constitutional rights. The Defendant further agrees and acknowledges that a court of competent jurisdiction may enter an injunction to prevent it from violating this paragraph and that such injunction would not constitute an unconstitutional or illegal prior restraint on its constitutional rights and that Defendant is waiving its legal right to make such an argument.

The Parties agree that if Defendant receives a request for an evaluation or reference from an employer or a prospective employer of the Plaintiff, Defendant shall provide only the dates of Plaintiff's employment by Defendant and a description of the position or duties performed during the time of such employment by Defendant.

### 7.0 Entire Agreement.

This Agreement represents the entire agreement between the Parties as to the subject matter contained herein. Neither this Agreement nor any provision thereof may be changed, waived, discharged or terminated orally, unless the Parties agree otherwise in writing by an instrument signed by the Parties.

### 8.0 Compromise and Settlement.

This settlement shall not be construed as an admission of liability or wrongdoing on the part of any Party. The undersigned Parties expressly acknowledge that this settlement is being made as a compromise and settlement of disputed claims; that execution of, and compliance with, this Agreement, including any consideration paid in furtherance of this Agreement is not, and shall not, be construed to be an admission by any of the Parties of any liability or obligation whatsoever, by whom liability is expressly denied.

### 9.0    Drafting of this Document.

This Agreement is entered into after full opportunity for negotiations by the Parties and their counsel. For purposes of construing this Agreement, all Parties shall be considered the drafters with an equal responsibility for drafting the document.

### 10.0    Applicable Law.

The Parties agree that this Agreement shall be construed pursuant to the laws of the State of Georgia, without reference to principles of conflicts of law of Georgia or any other jurisdiction and, where applicable, the laws of the United States. The Parties agree that the state courts of Georgia, or (in the case of diversity of citizenship) the United States District Court for the Northern District of Georgia, shall have jurisdiction

of any action or proceeding arising under this Agreement unless the Parties agree otherwise in writing. The Parties hereby agree to, contract for and consent to the personal and subject matter jurisdiction of such courts in any such suit, action or proceeding and waive any objection which any Party may otherwise have to the laying of venue of any such suit, action or proceeding in the locations as specified herein.

11.0   <u>Survival.</u>

The non-disparagement obligations entered into under this Agreement shall survive the full payment and resolution of all matters pursuant to this Agreement.

12.0   <u>Partial Invalidity.</u>

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

13.0   <u>Counterparts.</u>

This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one

Agreement. A facsimile or electronic copy of a signature shall be deemed to be an original.

### 14.0 Authorization.

By signing below, each of the undersigned, individually and/or in his corporate capacity, represents and warrants that he is duly authorized and empowered to execute this Agreement and to bind the respective Party that he represents, and that this Agreement and its execution have been duly authorized by all necessary actions whatsoever on the part of such Party to this Agreement. The Plaintiff represents that he is executing this Agreement knowingly and voluntarily, and that he is legally competent to execute this Agreement. The Plaintiff affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has had a reasonable period of time within which to consider the Agreement; and that he has had reasonable opportunity to receive legal counsel before executing this Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed and entered into by the Parties effective as of the date of execution by the last Party to execute this Agreement.

_____
MARVIN A. GUZMAN, Plaintiff

Oct 22 2015
_____
DATE:



SOUTO FOODS, LLC, Defendant



BY: _____

TITLE: _____

DATE: _____

IN WITNESS WHEREOF, this Agreement is executed and entered into by the Parties effective as of the date of execution by the last Party to execute this Agreement.

_____
MARVIN A. GUZMAN, Plaintiff

_____
DATE:

SOUTO FOODS, LLC, Defendant

BY: _____ /s/ _____

TITLE: _PRESIDENT_____

DATE: _10/22/2015_____